IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26-cv-02867-MDB

SILVIO CESAR BOSSEI,

Applicant,

v.

TODD BLANCHE, U.S. Attorney General,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;
JUAN BALTAZAR, Warden, Denver Contract Detention Center, Aurora, Colorado,

Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (Application) filed *pro se* by Applicant Silvio Cesar Bossei on June 24, 2026. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. (Doc. Nos. 8, 13).

On July 15, 2026, Respondents were ordered to show cause why the Application should not be granted. On July 21, 2026, Respondents filed a Response to Petition for Writ of Habeas Corpus and Order to Show Cause (ECF No. 12). The Court then issued a Minute Order ordering Respondents to file a Supplemental Response, and Respondents filed a Supplemental Response on July 30, 2026 (ECF No. 18). On August 4, 2026, Applicant filed a "Response to Minute Order" (ECF No. 20). The Court ordered Respondents to file a sur-reply, and Respondents filed a Sur-reply on August 11, 2026 (ECF No. 22).

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a self-represented litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be DENIED.

## I. BACKGROUND

Applicant was born in Brazil. (ECF No. 1 at 14). He entered the United States on or about April 9, 2019. (*Id.*). He was detained by ICE on February 21, 2025, and has remained in immigration detention since then. (*Id.* at 13-14). His petition for asylum was denied on October 31, 2025. (*Id.*). An Immigration Judge (IJ) ordered him removed to Brazil on November 26, 2025. (*See* ECF No. 18-2). Applicant appealed the order of removal, and on July 17, 2026, the Board of Immigration Appeals (BIA) affirmed the IJ's decision. (*See* ECF No. 18-3). Applicant filed a Petition for Review in the United States Court of Appeals for the Tenth Circuit on July 30, 2026, which is currently pending. (*See Bossei v. Blanche*, No. 26-9570 (10th Cir. petition for review docketed July 30, 2026)). No stay of removal has been issued in the appeal. (*See id.*).

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), Applicant claims his detention violates the Due Process Clause of the Fifth Amendment. As relief, he seeks immediate release from custody.

## II. DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only when an applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The individual in custody bears the burden of proving detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. There is no dispute that Applicant is subject to a final order of removal and that the statutory authority for his detention arises from 8 U.S.C. § 1231.

When removal has been ordered, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal noncitizens. *See* 8 U.S.C. § 1231(a)(6). However, detention of a noncitizen subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months after the removal order becomes administratively final. *Zadvydas*, 533 U.S. at 701; *see also Hernandez v. Lyons*, No. 26-CV-00964-RMR, 2026 WL 1469206, at *3 (D. Colo. May 26, 2026)

(noting that the six-month *Zadvydas* period begins to run when removal order becomes administratively final). After that, if the applicant offers "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* But the presumption "does not mean that every alien not removed must be released after six months." *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Applicant is subject to an order of removal which became administratively final on July 17, 2026, when the BIA affirmed the IJ's decision, and no stay of the removal order has been issued. *See Singh v. Barr*, No. 19-CV-01381-STV, 2019 WL 13202230, at *4 (D. Colo. Oct. 25, 2019) (explaining that the removal period under § 1231(a)(1)(B)(ii) does not begin until after the court of appeals issues its final order if the petitioner has petitioned for review *and* the court of appeals has issued a stay of removal pending its review). Applicant's detention is therefore governed by, and mandatory under, 8 U.S.C. § 1231. Moreover, less than 90 days have passed since the removal order became administratively final on July 17, 2026.

To the extent Applicant claims that his prolonged detention violates his rights, the Court construes the claim as a due process claim under *Zadvydas*. But Applicant's detention for less than six months since the order of removal became administratively final is presumptively reasonable under *Zadvydas*. And Applicant presents no well-pled allegations providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701. He thus fails to overcome the presumption of reasonableness. *See, e.g., Rodriguez v. Ceja*, No. 24-cv-01598-SBP, 2024 WL 6994875, at *4

(D. Colo. Aug. 12, 2024) (finding claim challenging detention for less than six months after order of removal became final is not ripe).

## III. CONCLUSION

For the reasons stated herein, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and this action is DISMISSED without prejudice. It is

**FURTHER ORDERED** that all pending motions are DENIED AS MOOT.

DATED August 26, 2026.

**BY THE COURT:**

________________________
Maritza Dominguez Braswell
United States Magistrate Judge